CASE 50—PETITION EQUITY—JANUARY 23.

# Birch; &c., vs. Funk.
# Birch vs. Funk.

L

APPEALS FROM LOUISVILLE CHANCERY COURT.

1. The rule is well settled that to constitute the former judgment a bar to another suit founded on the same cause of action, it must appear to have been a decision *upon the merits*. But if the trial went off on a technical defect, or because the debt was not due, or because the court had not jurisdiction, or because of the temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to a future action. (1 *Greenleaf, sec.* 531.)

2. A judgment upon demurrer, dismissing the plaintiff's petition upon the ground of its insufficiency, cannot operate as a bar to another suit upon the cause of action attempted to be set out in the defective petition.

3. Where an action in equity was brought by wards against their guardian, after the lapse of nearly forty-five years from the time he was appointed, and at least twenty-five years after all the plaintiffs had arrived at full age, and no disability, either of infancy or coverture, on the part of either of the plaintiffs was alleged, and no attempt made to account for their delay in seeking to enforce their rights against their guardian, except by the general statement that they had not learned, until within a year past, that their ancestor died possessed of the property they now claim: *Held*— That a demurrer to the petition was properly sustained, and the petition dismissed, upon the general ground that it did not state facts sufficient to constitute a cause of action.

4. One of the plaintiffs in the action *supra* subsequently filed a petition against the guardian alleging the disabilities under which she had labored, and setting forth a valid and sufficient cause of action, and clearly showing herself entitled to the relief sought by herself and her co-plaintiffs in the former action. *Held*—That the judgment in the former suit cannot operate as a bar to the relief sought by the plaintiff in the second action.

JOHN ROBERTS, for appellants, cited 5 *B. Mon.*, 595; 1 *Mars.*, 321.

SPEED & BARRET, for appellee, cited 18 *B. Mon.*, 106; 5 *Ib.*, 590; 1 *Bibb*, 144; 4 *Ib.*, 188; *Civil Code, secs.* 789, 397, 400.

H. POPE, on same side, cited 2 *Story's Eq.*, *p.* 735, *and cases cited in note* 3; *Story's Eq. Pl.*, *p.* 379, *sec.* 485; 1 *Dana*, 278; *Civil Code, sec.* 800.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

These cases may be properly considered together.

In December, 1858, Theresa Birch, William Funk and Samuel Funk filed a petition against Peter Funk, alleging that in 1811 Jonathan Funk removed from Jefferson county, Kentucky, where he then resided, to the State of Louisiana; that he died in Louisiana possessed of a large estate, consisting of a tract of land lying in Jefferson county, Kentucky, and of slaves and personal property in Louisiana; that he left two children, one of whom is the plaintiff, Theresa, the other a son named John, who afterwards died, leaving the plaintiffs, William and Samuel, his only heirs at law; that in January, 1813, the defendant, Peter Funk, was, by order of the Jefferson county court, appointed guardian of Theresa and John Funk, both being then infants, and they being the only heirs of said Jonathan Funk; that they had learned, within the last year, the fact that their ancestor had died possessed of the estate mentioned; and that the defendant, their guardian, has taken possession of the same, and has kept the plaintiffs ignorant of these facts; that he filed no inventory of the estate which he received as their guardian, nor had he settled his accounts as such. They therefore prayed that the guardian be compelled to settle his accounts, and surrender to the plaintiffs the land and other property in his hands to which they were entitled.

To this petition the defendant demurred; the court sustained the demurrer, and the plaintiffs not asking leave or offering to amend, rendered a final judgment, dismissing the petition at the plaintiffs' costs; and from that judgment the latter have appealed.

That the demurrer was properly sustained, admits, we think, of no serious question. The suit was not brought until after

the lapse of nearly forty-five years from the time the guardian
was appointed, and not until at least twenty-five years after
all the plaintiffs had arrived at full age.   No disability, either
of infancy or coverture, on the part of either of the plaintiffs,
is alleged in the petition, nor do they even attempt to account
for their delay in seeking to enforce their rights against their
guardian, except by the general statement that they had not
learned, until within a year past, that their ancestor died pos-
sessed of the property they now claim.   The case, as pre-
sented by the petition, is one of gross and inexcusable laches;
the demand is a stale and antiquated one, such as courts of
equity may and should, upon well settled principles, refuse to
act upon for the purpose of affording relief.   This general
doctrine is so well understood that further discussion, or the
citation of authorities in support of it, would be out of place.
It is sufficient to say that the plaintiffs wholly failed to show
themselves entitled to any relief at the hands of the chancel-
lor, and he did not, therefore, err in sustaining the demurrer
upon the general ground that the petition did not state facts
sufficient to constitute a cause of action.

Subsequently to the rendition of this judgment, Theresa
Birch filed her petition against Peter Funk, in which William
and Samuel Funk are also made defendants.  She alleges the
death of her father, Jonathan Funk, in 1811, leaving heirs at
law, and leaving lands and other estate as set forth in the
former petition, and that Peter Funk was appointed her guar-
dian.   She, however, states the following additional and mate-
rial facts:  That she was eight years old at the time of her
father's death; that in the year 1814 she married John Birch,
who died in the year 1856; that the defendant, Peter Funk,
took possession of the land as guardian, and still has posses-
sion of the same; that he fraudulently kept the plaintiff in
ignorance of the facts concerning the estate left by her father,
and his reception of it as her guardian, with the intent to
defraud her of her interest therein.

The defendant demurred to this petition, and also answered,
setting up the judgment in the former suit as a bar to the
present action, alleging that the former suit was for the same

property, and that the same matters were *litigated* in that suit which are sought to be litigated in this.

The case was heard upon the petition and answer, no disposition having been made of the demurrer, and judgment was rendered sustaining the defense set up in the answer, and dismissing the petition.

From that judgment the plaintiff has appealed.

That the facts as set forth in the petition are sufficient to constitute a cause of action, and to entitle the appellant to relief, cannot be, and indeed has not been questioned, either by the chancellor in his opinion, or by the counsel in argument here.   On the contrary, it is conceded that the defects in the former petition are supplied in the present petition, and that the additional allegations contained in the latter, which set forth the disabilities under which the plaintiff labored until the death of her husband in the year 1856, removed the only objection to the sufficiency of the former petition.

Was the judgment upon the demurrer to that petition a bar to the present action?   The rule is well settled, that to constitute the former judgment a bar to another suit, founded on the same cause of action, it must appear to have been a decision *upon the merits*.   But if the trial went off on a technical defect, or because the debt was not due, or because the court had not jurisdiction, or because of the temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to a future action.   (1 *Greenleaf, sec.* 530.)

This principle has been repeatedly recognized and acted on by this court.   In the case of *Kendall vs. Talbott*, (1 *Marsh.*, 321,) it was held that a judgment rendered for the defendants, on the ground of the *insufficiency of the plaintiff's declaration*, cannot be a bar to another action *founded upon the same contract*. See also *Thomas, &c., vs. Hite*, (5 *B. Mon.*, 594.)   The case of *Hawkins vs. Lambert, &c.*, (18 *B. Mon.*, 106,) does not at all conflict with this principle.   In that case the fund which was the subject of the action belonged to the wife, who had sued for its recovery, and in the trial upon the merits of her claim she had recovered a portion of it.   She and her husband united in a second suit for the recovery of the same identical claim which

had been thus fully litigated in the former action, and it was held that the judgment in that action was a bar to the second suit, although in the latter case she undertook to maintain her right to the fund upon a different ground.

But the chancellor in his opinion, which is relied upon as part of the argument for the appellee, seems to recognize the principle we have stated; but he insists that the judgment pleaded as a bar to this action not only sustained the demurrer to the petition, but *dismissed the petition itself;* and as the order does not show upon what grounds the petition was dismissed, it could not be said that it was dismissed " *otherwise than upon the merits.*"

Now it occurs to us that the order referred to does show very distinctly and certainly the ground upon which the petition was dismissed. It is in these words : "This cause having been heard *on demurrer* to petition herein, it is ordered that said demurrer be sustained ; and it is ordered that said petition be, and the same is hereby, dismissed, and that defendant recover of plaintiffs his costs herein expended." This is nothing more nor less than a *final* judgment upon demurrer, just such as it is the duty of the court to render in all cases where the petition is held upon demurrer to be insufficient, and no leave is asked or motion made to amend.

As already shown, the demurrer to that petition was properly sustained, upon the general ground that the facts as therein set forth were not sufficient to entitle the plaintiffs to any relief. In this state of the case, the plaintiffs had a right either to ask leave to amend their petition, or to dismiss their action, or to suffer it to be dismissed by the appropriate final judgment of the court upon the demurrer. They chose, for reasons not necessary to inquire into, to adopt the latter alternative.

One of the plaintiffs subsequently filed a petition, setting forth a valid and sufficient cause of action, and clearly showing herself entitled to the relief sought by herself and her co-plaintiffs in the former action. What obstacle to her recovery does the former judgment present ? None whatever. That judgment merely pronounced the former petition insufficient. It decided that the case as presented by that petition was

without merit, and to that extent, and in that sense only, can it be said to have been a decision upon the merits.

But the facts set out in the subsequent case have never been litigated or passed upon in any way, and it is therefore illogical, and an abuse of terms, to say that the judgment relied upon is a judgment upon *the merits of the present case*, and, for that reason, must operate as a bar to any relief.

The whole argument in support of the view of the chancellor proceeds upon the assumption that there exists some inexorable rule of practice which requires a plaintiff, when his petition shall be adjudged defective on demurrer, either to ask leave to amend, or, as a penalty for his failure to do this, to forfeit all future right to sue upon a cause of action not set forth in the defective petition, although attempted. But no such rule of practice has ever prevailed, either under the Civil Code, or prior to its adoption. It is undoubtedly true that considerations of self-interest, convenience, and economy, would, in general, suggest to the party the propriety of amending such defective pleading, rather than a dismissal of the action and the commencement of another suit to obtain the same relief. But the law allows him a discretion to adopt either course.

For reasons sufficiently apparent upon the record it will be proper, upon the return of the cause, to allow the appellee to amend his answer, should he offer to do so within a reasonable time.

The judgment is therefore reversed, and the cause remanded for further proceedings in conformity with this opinion.